UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JABIL INC., a Delaware corporation;

       Plaintiff;                        Case No. _____

v.

Congatec AG;

       Defendant.

_____\

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Plaintiff, Jabil Inc. ("Jabil"), by and through its undersigned attorneys, brings suit against Defendant, Congatec AG ("Congatec"), and alleges as follows.

## NATURE OF THE ACTION

1. In 2018, Congatec requested that Jabil provide engineering and technical services for Congatec's New Product Introduction. Congatec knew there would be substantial implementation expenses associated with the project. In particular, Congatec recognized that Jabil would have to hire employees, allocate manufacturing floor space, and incur costs to support Congatec's new project. To memorialize the terms of the engagement, Jabil and Congatec began negotiating a manufacturing services agreement ("MSA") and the Parties executed an Interim Letter of Agreement ("LOA") on or about November 8, 2018, effective October 23, 2018, to ensure all costs incurred by Jabil would be reimbursed by Congatec. To this day, Congatec refuses to honor its agreement to reimburse Jabil for all costs and expenses that were incurred, approved, and substantiated.

## PARTIES

2. Jabil is a Delaware corporation with its principal place of business in St. Petersburg, Florida.

3. Congatec, upon information and belief, is a citizen of Germany and it has its principal place of business in Deggendorf, Germany.

## VENUE AND JURISDICTION

4. The actions alleged are for damages in excess of $75,000.00, exclusive of interest, attorneys' fees, or costs.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

6. Jurisdiction and venue in the United States District Court for the Middle District of Florida is likewise proper based upon the Parties agreement for Governing Law related to or arising under the ("LOA"), which is attached as **Exhibit A**.

## CONDITIONS PRECEDENT/PERFORMANCE/CONSIDERATION

7. All conditions precedent to the commencement or maintenance of the actions alleged have occurred or the occurrence of such has been waived by Congatec's actions. Jabil has performed all obligations under the contract alleged or such performance has been waived by Congatec's breach of contractual and common law obligations.

## GENERAL ALLEGATIONS

### Congatec Engages Jabil

8. Jabil is a manufacturing solutions provider that delivers comprehensive design, manufacturing, supply chain, and product management services.

9. Congatec is a Germany-based technology company focusing on high-performance embedded computing products.

- 3 -

10. In anticipation of Jabil manufacturing Congatec's New Product Introduction, the parties discussed in detail the various requirements of the project, including the costs associated with the implementation of the project.

11. The parties agreed that Jabil would begin the implementation process while negotiating a MSA to memorialize the terms of their manufacturing relationship.

12. Notwithstanding the ongoing negotiations, the parties agreed to move forward with the project prior to execution of the MSA, all the while affirming that Jabil would recoup all of its implementation costs.

13. Relying on the LOA, and with Congatec's full approval and authorization, Jabil hired engineers and technicians, allocated manufacturing floor space, and incurred costs for material handling and Flexline and Supercell usage to support Congatec's new project.

14. From November 2018 May 2019, Jabil had incurred a total of at least $246,137 in actual costs associated with Congatec's New Product Introduction, even though the MSA had not yet been finalized and executed.

15. On or about May 2, 2019, executives from Jabil and Congatec confirmed orally the agreement that Congatec would reimburse Jabil for all costs associated with Congatec's New Product Introduction.

16. On or about May 8, 2019, given that the MSA had yet to be finalized and Jabil incurred substantial expenses, Thomas Frommer, Jabil's Director of Sales, sent Thomas Chiarcos, Congatec's Director of Supply Chain & Global Sourcing, an email to confirm Congatec's agreement to reimburse Jabil for the implementation costs.

17. Mr. Chiarcos confirmed in writing that Congatec was "commit[ted] to the related costs, which had been occurred [sic] due to the NPIs and duration till [sic] Mass production." *See* **Exhibit B**.

18. On or about May 8, 2019, executives from Jabil had another telephone conversation with Mr. Chiarcos, during which Mr. Chiarcos confirmed Congatec's commitment to pay the costs associated with Congatec's New Product Introduction.

19. Shortly thereafter, on or about May 8, 2019, Jabil sent Mr. Chiarcos an e-mail confirming Congatec's agreement to reimburse Jabil for the costs associated with Congatec's New Product Introduction, stating in relevant part:

Based on written above please confirm following:

1. Congatec will compensate Jabil Penang **$246.137** of actual Set up and NPI cost for the period of November 2018-April 2019.
2. Congatec will compensate Jabil Penang **$112.595 (or slightly adjusted amount in July**) of estimated NPI cost for the period May 2019-July 2019.

*See* **Exhibit C.**

20. Again, Mr. Chiarcos confirmed Congatec's agreement to reimburse Jabil for the implantation costs. *See* **Exhibit C.**

21. On or about May 23, 2019, Mr. Chiarcos sent another email to Jabil, stating in relevant part: "as confirmed, verbally, congatec [sic] will compensate the amount of ~**$358.732**. depending on real costs, occurring till [*sic*] end of NPI period to existing builts [*sic*]." *See* **Exhibit D.**

22. At all times material hereto, Congatec held out Mr. Chiarcos as its agent, and Jabil understood that Mr. Chiarcos had actual or apparent authority to bind Congatec.

23. Based on Congatec's agreement to pay, Jabil devoted and expended significant resources for Congatec's project, incurring approximately $358,732 in implementation costs.

**Congatec Refuses to Pay**

24. On June 5, 2020, Jabil made a claim to Congatec for reimbursement of implementation expenses in the amount of $358,732.00.

25. On June 18, 2020, for the first time, Congatec notified Jabil that it would not pay the amount due under the LOA.

26. Jabil issued another demand to Congatec, dated July 7, 2020, requesting payment of the expenses incurred under the LOA.

27. Congatec responded by refusing to pay the full amount due.

## COUNT I: BREACH OF CONTRACT

28. Jabil incorporates the allegations of paragraphs 1-27 as if set forth in full herein.

29. This is an action for breach of a written contract.

30. Jabil and Congatec entered into the LOA.

31. At all times material hereto, Jabil performed its obligations in the manner specified in the LOA.

32. Congatec breached the LOA by failing and refusing to pay under the terms and provisions of the LOA.

33. Congatec continues to fail and refuse to perform its obligations required by the terms of the LOA.

34. As a direct result of Congatec's breach, Jabil has suffered damages in the amount of $358,732, exclusive of interest, costs, and attorneys' fees.

WHEREFORE, Plaintiff Jabil demands judgment against Defendant Congatec for damages, pre- and post-judgment interest, and for such other and further relief as the Court may deem just and proper.

**COUNT II: UNJUST ENRICHMENT**

35. Jabil incorporates the allegations of paragraphs 1-27 as if set forth in full herein.

36. This is an action for unjust enrichment.

37. Congatec requested Jabil provide engineering and technical services for Congatec's New Product Introduction.

38. Jabil provided such engineering and technical services in accordance with Congatec's directions.

39. Upon information and belief, Congatec used its manufacturing relationship with Jabil, a world-class manufacturing solutions provider, and the infrastructure Jabil built to support its project, to garner positive financial arrangements, marketing and/or goodwill, all the while leaving Jabil to shoulder the attendant costs.

40. Congatec's acceptance and retention of the benefits it received under these circumstances would make it inequitable for Congatec to retain the benefit without paying the value thereof in the amount of $358,732.

WHEREFORE, Plaintiff Jabil demands judgment against Defendant Congatec for damages, pre- and post-judgment interest, and for such other and further relief as the Court may deem just and proper.

**COUNT III: BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

41. Jabil incorporates the allegations of paragraphs 1-27 as if set forth in full herein.

42. This is an action for breach of the covenant of good faith and fair dealing.

43. To the extent the parties' working relationship and the written LOA can be read to provide Congatec with discretion as to what implementation costs to approve or disapprove, Congatec must do so in good faith.

44. Throughout the parties' business dealings, Jabil provided Congatec with actual and estimated implementation costs.

45. Congatec not only approved Jabil's implementation costs, but it failed to disapprove or reject the implementation costs.

46. In any event, by approving, failing to disapprove, or neglecting to review Jabil's implementation costs, Congatec allowed Jabil to incur implementation costs in the amount of $358,732.

47. After approving, failing to disapprove, or neglecting to review Jabil's implementation costs, Congatec suddenly decided it would disapprove all Jabil's implementation costs.

48. Congatec's decision to disapprove Jabil's implementation costs after approval or acquiescence was a breach of the covenant of good faith and fair dealing.

WHEREFORE, Plaintiff Jabil demands judgment against Defendant Congatec for damages, pre- and post-judgment interest, and for such other and further relief as the Court may deem just and proper.

## COUNT IV: ACCOUNT STATED

49. Jabil incorporates the allegations of paragraphs 1-27 as if set forth in full herein.

50. This is an action for account stated.

51. Before the institution of this action, Jabil and Congatec entered into a business transaction.

52. Congatec agreed that $358,732.00 is the correct past due balance.

53. Congatec made an express promise to pay $358,732.

54. That amount remains unpaid.

WHEREFORE, Plaintiff Jabil demands judgment against Defendant Congatec for damages, pre- and post-judgment interest, and for such other and further relief as the Court may deem just and proper.

## COUNT V: OPEN ACCOUNT

55. Jabil incorporates the allegations of paragraphs 1-27 as if set forth in full herein.

56. This is an action for open account.

57. Congatec owes Jabil $358,732.00 that is due with interest since May 8, 2019 according to the account attached as **Exhibit D**.

WHEREFORE, Plaintiff Jabil demands judgment against Defendant Congatec for damages, pre- and post-judgment interest, and for such other and further relief as the Court may deem just and proper.

## PRAYER FOR RELIEF

Jabil respectfully requests that the Court enter a judgment against Congatec, as follows:

A. A judgment in Jabil's favor and against Congatec on all of Jabil's claims against Congatec;

B. An award to Jabil of compensatory damages, including interest, in an amount to be proven at trial;

C. An award of attorneys' fees and costs, as allowed by law;

D. An award of prejudgment and post judgment interest, as provided by law; and

E. Such other relief as the Court deems appropriate under the circumstances.

## **DEMAND FOR JURY TRIAL**

Jabil demands a jury trial on all claims so triable.

        Respectfully submitted,

        */s/ Jason P. Stearns*
        Jason P. Stearns
        Florida Bar No. 59550
        Sarah A. Gottlieb
        Florida Bar No. 125232
        **FREEBORN & PETERS LLP**
        201 North Franklin Street, Suite 3550
        Tampa, FL  33602
        Phone:  813-488-2920
        Fax:  813-488-2960
        E-mail:  jstearns@freeborn.com
        E-mail:  sgottlieb@freeborn.com
        Secondary E-mail:  ckitchell@freeborn.com

        *Attorneys for Plaintiff Jabil Inc.*