UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JABIL, INC.,

    Plaintiff,

v.                                                     Case No. 8:20-cv-2886-TPB-AAS

CONGATEC AG,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
"DEFENDANT'S MOTION TO DISMISS COMPLAINT"**

This matter is before the Court on "Defendant's Motion to Dismiss Complaint and Incorporated Memorandum of Law," filed on May 5, 2021. (Doc. 14). On May 26, 2021, Plaintiff filed a response in opposition to the motion. (Doc. 16). After reviewing the motion, response, court file, and the record, the Court finds as follows:

**Background**

Plaintiff Jabil, Inc. provides comprehensive design, manufacturing, supply chain, and product management services. Defendant Congatec AG is a Germany-based technology company focusing on high-performance embedded computing products. In 2018, Defendant requested engineering and technical services for its new product introduction. The parties began negotiating a manufacturing services agreement ("MSA") to memorialize the terms of the engagement. During the MSA negotiations, the parties executed an interim letter of agreement ("LOA"). Relying on the LOA, Plaintiff hired engineers and technicians, allocated manufacturing floor

space, and incurred costs to support Defendant's new project. During this time, the parties confirmed both orally and in writing that Defendant would reimburse Plaintiff for all costs associated with the new product introduction. On June 5, 2020, Plaintiff made a claim to Defendant for reimbursement of implementation costs in the amount of $358,732. On June 18, 2020, Defendant notified Plaintiff that it would not pay this amount.

On December 7, 2020, Plaintiff filed this suit asserting claims for breach of contract (Count I), unjust enrichment (Count II), breach of the covenant of good faith and fair dealing (Count III), account stated (Count IV), and open account (Count V). Defendant has moved to dismiss the complaint with prejudice.

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232,

236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

Defendant moves to dismiss the complaint, arguing that Plaintiff has failed to and cannot state any of its claims.

### *Count I: Breach of Contract*

Defendant first argues that the breach of contract claim should be dismissed for failure to state a claim. To plead a breach of contract claim, a plaintiff must allege: "(1) the existence of a valid contract; (2) breach of the contract; and (3) damages resulting from the breach." *APR Energy, LLC v. Pakistan Power Resources, LLC*, 653 F. Supp. 2d 1227, 1242 (M.D. Fla. 2009). Here, Plaintiff alleges that Defendant breached the LOA by failing and refusing to pay Plaintiff under the terms of the agreement, resulting in $358,732 in damages. These allegations are sufficient to state a claim.

To the extent that Defendant argues Plaintiff failed to comply with the terms of the agreement, the Court notes that a motion to dismiss is not the appropriate vehicle to resolve factual questions or otherwise address the merits of the case. *See Am. Int'l Specialty Lines Ins. Co.*, 2009 WL 10671157, at *2. Plaintiff specifically alleges that all conditions precedent to the action have occurred or been waived, and the Court must accept this allegation as true at this stage of the proceedings. The motion to dismiss is denied as to Count I.

*Count II: Unjust Enrichment*

Defendant seeks dismissal of the unjust enrichment claim, arguing that Plaintiff cannot pursue a claim for unjust enrichment when an express contract is alleged to exist. However, Plaintiff is entitled to assert an alternative theory of unjust enrichment at this stage of the proceedings. *See, e.g., Shibata v. Lim*, 133 F. Supp. 2d 1321, 1320 (M.D. Fla. 2000) ("[B]oth the Federal Rules of Civil Procedure and Florida law permit a party to allege, in the alternative, recovery under an express contract and seek equitable relief under the theory of unjust enrichment.").

Defendant further argues that Plaintiff has failed to allege the essential elements of the claim. "A claim for unjust enrichment has three elements: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012) (citing *Fla. Power Corp. v. City of Winter Park*, 887 So. 2d 1237, 1241 n.4 (Fla. 2004)). In this case, Plaintiff alleges that it conferred benefits on Defendant – including engineering and technical services – which Defendant voluntarily accepted and retained. Plaintiff further alleges that it would be inequitable for Defendant to retain these benefits without paying for the services provided. These allegations are sufficient to state a claim for unjust enrichment. As such, the motion to dismiss is denied as to these grounds.

*Count III: Breach of Covenant of Good Faith and Fair Dealing*

Defendant next argues that Plaintiff's claim for breach of the covenant of good faith and fair dealing should be dismissed for, among other things, redundancy. The

Court agrees. "[A] breach of implied covenant of good faith and fair dealing claim must be distinguishable from a party's breach of contract claim." *Accardi v. EMS Aviation, Inc.*, No. 2:10-cv-469-FtM-36DNF, 2011 WL 13294635, at *2 (M.D. Fla. Nov. 16, 2011). Here, Plaintiff asserts that it was not compensated for work performed in breach of the LOA, and Plaintiff has not pled a basis to recover other than ordinary contract damages. Because the alleged conduct serves as the basis for both claims, the claim is duplicative. *See id*. at 2-3; *Shibata*, 133 F. Supp. 2d at 1319 ("If the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated."). As a result, the motion to dismiss is granted as to Count III.

### *Count IV: Account Stated*

Defendant argues that Plaintiff's account stated claim should be dismissed for failure to state a claim. "An 'account stated' is defined as an agreement between persons who have had previous transactions, fixing the amount due in respect to such transactions and promising payment." *Idearc Media Corp. v. Premier Limousine, LLC*, No. 8:08-cv-1695-T-30MAP, 2009 WL 482293, at *2 (M.D. Fla. Feb. 25, 2009) (quoting *Nants v. F.D.I.C.*, 864 F. Supp. 1211, 1219 (S.D. Fla. 1994)). Generally, an account stated "arises from the rendition of a statement of transactions between the parties with a failure on the part of the party whom the account was rendered to object within a reasonable time or an express acquiescence in the account rendered." *Id*. (quoting *Nants*, 864 F. Supp. at 1219). Here, Plaintiff alleges that the parties entered into a

business transaction, Defendant agreed that $358,732 is the correct past due balance, Defendant made an express promise to pay that sum, and that the amount remains unpaid.  These allegations are sufficient to state a claim.

### *Count V: Open Account*

"In Florida, an open account has been defined as an 'unsettled debt arising from items of work and labor, goods sold and delivered with the expectation of further transactions subject to further settlement.'" *Idearc Media Corp.,* 2009 WL 482293, at *2 (quoting *Central Insurance Underwriters, Inc. v. National Insurance Finance Company*, 599 So. 2d 1371, 1373 (Fla. 3d DCA 1992)).  To state a claim on an open account, "the claimant must attach an 'itemized' copy of the account."  *Id.* (citing *H & H Design Builders, Inc. v. Travelers' Indem. Co.*, 639 So. 2d 697, 700 (Fla. 5th DCA 1994)).  "Moreover, an open account 'should not include express contracts or other obligations that have been reduced to writing.'" *Morse, LLC v. United Wisconsin Life Ins. Co.*, 356 F. Supp. 2d 1296, 1299 (S.D. Fla. 2005) (quoting *H & H Design Builders*, 639 So. 2d at 700).

Upon review, the Court finds that Plaintiff has failed to state a claim for open account due to its failure to include an itemized copy of the account.  *See* (Doc. 1-4).  Furthermore, Count V incorporates allegations of the existence of an express contract.  The count also fails to allege an expectation of future transactions and appears to reflect only a one-time claim rather than periodic bills that were submitted.  This claim is dismissed without prejudice, with leave to amend.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1) "Defendant's Motion to Dismiss Complaint and Incorporated Memorandum of Law" (Doc. 14) is hereby **GRANTED IN PART** and **DENIED IN PART**.

2) The motion is **GRANTED** to the extent that Count III is **DISMISSED**. Count V is **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

3) The motion is otherwise **DENIED**.

4) Plaintiff is directed to file an amended complaint on or before July 1, 2021.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 17th day of June, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**